J-S30019-25

2025 PA Super 211

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDRE N. FULTON | : | No. 686 EDA 2025 |

Appeal from the Order Entered February 13, 2025
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0003402-2023

BEFORE:   OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

DISSENTING OPINION BY FORD ELLIOTT, P.J.E.:

**FILED SEPTEMBER 19, 2025**

I respectfully dissent from the Majority determination that the search of the opaque black bag in Appellee's car was beyond the scope of the consent given by Appellee to the troopers.

The Majority correctly relies on the rule in **Commonwealth v. Valdiva**, 195 A.3d 855, 868 (Pa. 2018), that the "the scope of a search is controlled by the scope of consent given, which, in turn, is determined pursuant to a reasonable person standard under the circumstances at the time the exchange between the officer and the suspect occurs." Under the facts and credibility determinations presented here, I believe the troopers acted within the scope of the consent provided by Appellee for the troopers to enter his car and find

_____

[*] Retired Senior Judge assigned to the Superior Court.

both his cell phone and key fob for the car while he was being treated by ambulance personnel.

In asking the troopers to search his car for the phone and fob, Appellee did not specify where the requested items would be found inside his car. Although seeing the phone immediately upon entry, the troopers could not locate the key fob in any of the first locations inspected. Importantly, the troopers confirmed that the fob likely was inside the car, as the engine turned on at the press of the start button.

At that point, it was reasonable for the troopers to continue to search the interior of the car for the key fob, consistent with Appellee's request. Based on the broad consent given to retrieve the requested items, I believe the troopers had Appellee's permission to look under the seats, in a closed purse or valise, a jacket pocket, and even the black shopping bag in the back seat. These are locations where someone is likely to have placed their car key. In other words, the unsealed plastic shopping bag in the back seat of the car was within "the scope of consent [] based on what a reasonable person would have understood by the exchange that occurred between" the troopers and Appellee. *Valdivia*, 195 A.3d at 869. Notably, the troopers did not disturb the sealed box in the back seat, where the key fob could not reasonably be believed to be located.

As I believe the suppression court erred in this matter, I would remand for trial.